IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-135-D

| | | |
|---|---|---|
| MORRIS J. MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID COMBS, | ) | |
| | ) | |
| Defendant. | ) | |

On September 25, 2019, Morris J. Mays ("Mays" or "plaintiff"), proceeding pro se, commenced this action by filing a form complaint and paying the filing fee applicable to civil actions filed in the federal courts. See [D.E. 1]; [D.E. 14] 6–7; [D.E. 18] 2; [D.E. 24]; [D.E. 24-2] 2; [D.E. 28-1] 2. Mays named David Combs ("Combs" or "defendant"), the mayor of Rocky Mount, as the sole defendant in both his individual and official capacities. See [D.E. 1] 1. Mays has filed several amended complaints. See [D.E. 14, 18, 24-2, 28-1].[1] Combs moves to dismiss the action [D.E. 9, 15, 19] and to strike Mays's third amended complaint [D.E. 26]. The court notified Mays about the motions to dismiss, the consequences of failing to respond, and the response deadlines [D.E. 12, 17, 21]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). The court has considered all of Mays's filings in evaluating the motions to dismiss. As explained below, the court grants Combs's motions in part and dismisses the action.

---

[1] Mays objects to the characterization of his filings as a complaint. See [D.E. 24-1] 1; [D.E. 28] 1. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

I.

Mays resides in Rocky Mount, North Carolina. See [D.E. 1] 1. On September 12, 2019, Rocky Mount notified Mays that the city had conducted a "recent inspection" of Mays's residence and determined that it violated Rocky Mount's grass and weed ordinance. See [D.E. 1-1] 19–20; [D.E. 28-1] 20–21, 56–57. The notice gave Mays seven days to abate the violation, and warned him that Rocky Mount would abate the violation on his behalf and assess a fee if Mays failed to complete the work within that time. See id. The notice also informed Mays of the procedure for appealing any assessment. See id.

Mays describes his claims as "trespass" and "forgery[.]" See [D.E. 1] 2; [D.E. 14] 2; [D.E. 18] 6; [D.E. 28-1] 6. Mays's original complaint sought as relief either "restoration of property," damages of $5,356,800, or a "written apology admitting wrong with guarantee not to commit anymore offenses against" Mays. [D.E. 1] 3. Mays's amended complaints seek damages ranging from $97,200 to $98,244. [D.E. 14] 2; [D.E. 18] 6; [D.E. 28-1] 6.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. As the party invoking federal jurisdiction, Mays bears the burden of establishing that this court has subject-matter jurisdiction in this action. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In

2

considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647. A court should grant a motion to dismiss under Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (quotation omitted).

"[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quotation omitted); see Gunn v. Minton, 568 U.S. 251, 256 (2013); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accordingly, a federal court must determine if jurisdiction exists and "dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see Fed. R. Civ. P. 12(h)(3).

Generally, a plaintiff can file a case in federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. There is no presumption that a federal court has subject-matter jurisdiction. See Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). If the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id.

Mays's original complaint pleads "diversity" as a basis for this court's jurisdiction, see [D.E. 1] 2, but Mays and Combs are North Carolina citizens. See id. at 1. Therefore, diversity jurisdiction does not exist. See 28 U.S.C. § 1332(a)(1); Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990).[2]

---

[2] Mays argues that he operates his own court of competent jurisdiction and simply seeks the clerk's assistance to reserve a courtroom for his personal use and to arrange for a magistrate judge to preside over a proceeding of his own design. See [D.E. 14] 10; [D.E. 18] 2, 11; [D.E. 22] 1; [D.E. 28-1] 2, 11. The court rejects Mays's argument.

3

Moreover, although Mays "believe[s] a federal law has been violated[,]" [D.E. 18] 4; [D.E. 28-1] 4, and cites a photocopy of the Bill of Rights with certain amendments emphasized, Mays has failed to plausibly allege a colorable federal claim. Cf. Kochis v. City of Westland, 409 F. Supp. 3d 598, 603–04 (E.D. Mich. 2019); Sansotta v. Town of Nags Head, 97 F. Supp. 3d 713, 728–736 (E.D.N.C. 2014); Ferreira v. Town of E. Hampton, 56 F. Supp. 3d 211, 215 (E.D.N.Y. 2014); Mays v. Citibank, N.A., No. 04-20227-CIV, 2005 WL 6111610, at *10 (S.D. Fla. Apr. 1, 2005) (unpublished), aff'd sub nom. Mays v. Chase Manhattan Mortg. Corp., 180 F. App'x 143 (11th Cir. 2006) (per curiam) (unpublished). Thus, the court does not have federal question jurisdiction. See 28 U.S.C. § 1331. Furthermore, having dismissed the claims over which Mays alleged that this court had original jurisdiction, the court declines to exercise supplemental jurisdiction over any state-law claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012); Eland Indus., Inc. v. Project Mgmt. Quality Servs., Inc., No. 7:18-CV-71-D, 2019 WL 1294646, at *4 (E.D.N.C. Mar. 20, 2019) (unpublished).

The court has considered defendant's motion to strike Mays's third amended complaint under the governing standard. See Fed. R. Civ. P. 12(f); Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); Hill v. Robeson Cty., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010). The court declines to strike the filing.

II.

In sum, the court DENIES defendant's motion to strike [D.E. 26], GRANTS IN PART defendant's motions to dismiss [D.E. 9, 15, 19], and DISMISSES the action WITHOUT PREJUDICE for lack of jurisdiction. The court DISMISSES WITHOUT PREJUDICE any state-law claims. See 28 U.S.C. § 1367(c)(3). The clerk shall close the case.

4

SO ORDERED. This \_15\_ day of April 2020.

                                             JAMES C. DEVER III
                                             United States District Judge